# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **GARY WAYNE JOHNSON** | * | |
| | * | |
| **v.** | * | **Civil Case No. GLR-15-2103** |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment and Plaintiff's response. [ECF Nos. 20, 21, 22]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that Mr. Johnson's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Mr. Johnson filed his applications for Disability Insurance Benefits ("DIB") on October 17, 2011, alleging that his disability began on May 18, 2010. (Tr. 146-47). His application was denied initially on December 20, 2011, and on reconsideration on October 16, 2012. (Tr. 93-96,

99-100).  An Administrative Law Judge ("ALJ") held a hearing on December 12, 2013, at which Mr. Johnson testified and was represented by counsel.  (Tr. 33-73).  Following the hearing, the ALJ determined that Mr. Johnson was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 18-32).  The Appeals Council denied Mr. Johnson's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Johnson suffered from the severe impairment of degenerative disk disease.  (Tr. 23).  Despite this impairment, the ALJ determined that Mr. Johnson retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant must have the option to change positions at the work station from sitting to standing at will; he is limited to occasional stooping, twisting, crouching, kneeling, crawling, balancing and climbing stairs and ramps and no climbing ladders, ropes or scaffolds.

(Tr. 24).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Johnson could perform work existing in significant numbers in the national economy and that, therefore, he was not disabled.  (Tr. 28).

Mr. Johnson raises three primary arguments on appeal: (1) that the ALJ lacked sufficient evidence to support her RFC assessment; (2) that the ALJ assigned insufficient weight to the opinion of a treating source, Dr. Timothy Witham; and (3) that the ALJ improperly disregarded the VE's assertion that Mr. Johnson was ineligible for competitive employment.  Each of Mr. Johnson's arguments lacks merit and is addressed below.

First, Mr. Johnson argues that the ALJ erred in her RFC assessment. Specifically, Mr. Johnson contends that the ALJ improperly determined that he was able to perform sedentary work. Pl. Mot. 2-3; Pl. Rep. 1-2.  Contrary to Mr. Johnson's assertion, the ALJ properly determined that Mr. Johnson was able to perform sedentary work, and supported her conclusions

with substantial evidence. Most significantly, the ALJ noted that "[Mr. Johnson's] allegations are not supported by the medical evidence of record." (Tr. 25). For example, the ALJ noted that "[t]here is no support for totally debilitating back pain prior to [Mr. Johnson's] date last insured, and the FCE supports a conclusion that [he] was capable of work activity in March 2012, over a year later." (Tr. 27). In addition, the ALJ noted that Mr. Johnson had "no limitations in reaching, handling, fingering, postural, or other limitations," and that his FCE "specifically states that all of these activities can be performed without limitations." (Tr. 26) (internal quotations omitted). Moreover, the ALJ noted that, "with distraction, during the FCE, [Mr. Johnson] was able to sit longer than he claimed, and it was noted that he was able to lift the pellets for the stove, which his wife stated she now does." (Tr. 27). Ultimately, the ALJ "reduced [Mr. Johnson's] functional capacity to sedentary exertion in consideration of his testimony" but found "any greater limits as of his date last insured unsupported." *Id.*

Importantly, this Court's role is not to reweigh the evidence or to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls to the ALJ. *See Mastro v. Apfel*, 270 F.3d 171, 179 (4th Cir. 2001) (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). Based on this standard, I find that the ALJ supported her RFC findings with substantial evidence.

Second, Mr. Johnson argues that the ALJ assigned insufficient weight to the opinion of the treating neurologist, Dr. Timothy Witham. Pl. Mot. 3; Pl. Rep. 2. A treating physician's opinion is given controlling weight when two conditions are met: 1) it is well-supported by medically acceptable clinical laboratory diagnostic techniques; and 2) it is consistent with other

substantial evidence in the record.  *See Craig*, 76 F.3d 585 (4th Cir. 1996); *see also* 20 C.F.R. §

404.1527(d)(2).    However, where a treating source's opinion is not supported by clinical

evidence or is inconsistent with other substantial evidence, it should be accorded significantly

less weight.   *Craig*, 76 F.3d at 590.   If the ALJ does not give a treating source's opinion

controlling weight, the ALJ will assign weight after applying several factors, such as, the length

and nature of the treatment relationship, the degree to which the opinion is supported by the

record as a whole, and any other factors that support or contradict the opinion.   20 C.F.R. §

404.1527(c)(1)-(6).   The Commissioner must also consider, and is entitled to rely on, opinions

from non-treating doctors.  *See* SSR 96-6p, at *3 ("In appropriate circumstances, opinions from

State   agency   medical   and   psychological   consultants   and   other   program   physicians   and

psychologists   may   be   entitled   to   greater   weight   than   the   opinions   of   treating   or   examining

sources.").

     In the instant case, the ALJ assigned the opinion of Dr. Witham "little weight" because it

was   not   pertinent   to   the   relevant   period   and   was   unsupported   by   clinical   evidence.   (Tr.

27).   Notably, Dr. Witham opined that Mr. Johnson "can stand/walk for less than 2 hours and sit

for less than 6 hours, with never reaching, balancing, crouching, crawling and stooping."   (Tr.

27, 373-77).   The ALJ found, however, that Dr. Witham's assessment "was given almost two

years post [Mr. Johnson's] DLI, and the January 2012 and December 2012 MRI examinations

show progression of his degenerative disk disease during this time."   *Id.*   Therefore, the ALJ

determined that "there [was] no support for Dr. Witham's limitations at [Mr. Johnson's] date last

insured."   *Id.*   In addition, the ALJ noted that Dr. Witham's opinion was unsupported by the

medical record.   *Id.*   For example, the ALJ noted that "Dr. Witham referenced [Mr. Johnson's]

FCE for many of his limitation[s], but the FCE does not support such restrictive limitations."   *Id.*

Indeed, the ALJ noted that "FCE findings were consistent with an ability to work and perform activities." (Tr. 27). Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Johnson's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *See Hays*, 907 F.2d at 1456. Applying those standards, I conclude that the ALJ's assignment of weight was supported by substantial evidence.

Lastly, Mr. Johnson argues that the ALJ erred in disregarding testimony by the VE that he was not eligible for jobs existing in the national economy. As an initial matter, an ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988). Likewise, a hypothetical question is unimpeachable if it adequately reflects the RFC for which the ALJ had sufficient evidence. *See Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005).

In this case, the ALJ framed a hypothetical based on the RFC. (Tr. 71). In response, the VE stated that Mr. Johnson could perform several jobs existing in the national economy. (Tr. 28-29, 71). The ALJ then asked a second hypothetical that questioned whether the VE's testimony changed when, "due to frequency of breaks, absences and things like that, [the hypothetical] person is off task for 20 percent of the time." (Tr. 71). In response to the second hypothetical, the VE stated that such a person "would not be consistent with competitive

employment." *Id.*  Mr. Johnson contends that the ALJ improperly disregarded this admission in finding Mr. Johnson able to perform sedentary work.  The Court disagrees.

The VE's conclusion in the second hypothetical depended on a limitation absent from the RFC.  Because the ALJ altered the hypothetical to include an impairment for which she later did not find sufficient evidence, the ALJ was under no obligation to credit the new hypothetical or adhere to the VE's answer.   Indeed, the VE's testimony was relevant only if the ALJ also concluded that there was sufficient evidence that Mr. Johnson "was off task for 20 percent of the time." *Id.*  To the contrary, as noted above, the ALJ cited substantial evidence from the medical record that Mr. Johnson was capable of performing sedentary work without further limitations. For example, the ALJ noted that Mr. Johnson had "no limitations in reaching, handling, fingering, postural, or other limitations," and "participated in testing for 3 hours, 40 minutes with one five-minute break." (Tr. 26).  Moreover, the ALJ noted that, with distraction, "Mr. Johnson was able to sit longer than he claimed," (Tr. 27), and "without the need to be reclined and without complaining of pain or decreased sensation," (Tr. 26).   Ultimately, the ALJ "reduced [Mr. Johnson's] functional capacity to sedentary exertion in consideration of his testimony," but found "any greater limits as of his date last insured unsupported."  (Tr. 27).  This conclusion is supported by ample evidence in the record, and was therefore proper.  As a result, remand is unwarranted.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1.  the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 21];

2.  the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 20];

3. the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  September 20, 2016                          _____/s/_____

                                                   Stephanie A. Gallagher

                                                   United States Magistrate Judge